Fuld, J. (dissenting).
Although I agree with the court that, absent a provision in the certificate of incorporation, a by-law requiring a tAvo-thirds vote of shareholders to amend certain other by-laws is invalid and unenforcible (Business Corporation Law, §§ 601, 614, subd. [b]; § 616; see, also, Matter of Faehndrich, 2 N Y 2d 468), I cannot accept its conclusion that the number of directors was not effectively increased. .
It seems to me that the majority is reading and applying subdivision (b) of section 702 of the Business Corporation Law altogether too literally and narrowly. Even if it be assumed that an amendment of the by-laws is essential under that section— and I have serious doubt of this (see Israels, Corporate Practice, p. 152) —it is my view that the adoption by a majority of the shareholders (at a duly convened annual meeting at which 100% of the stock entitled to vote was present in person or by *706 proxy) of the resolution expressly increasing the number of directors from four to five may and should be treated as the requisite by-law amendment. I would, therefore, reverse the order appealed from and direct entry of an order declaring that the resolution of October 9, 1963, increasing the number of directors of the appellant corporation from four to five validly accomplished such result.
Chief Judge Desmond and Judges Dye, Van Voorhis, Burke and Bergan concur in Memorandum ; Judge Fuld dissents in an opinion in which Judge Scileppi concurs.
Order affirmed in a memorandum, without costs.